## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBERTA G. YARRUSSO,

        Plaintiff,

    v.                                                    :   C. A. No. 18-cv-1439-MPT

ANDREW SAUL,
Commissioner
of Social Security,

        Defendant.

## ORDER

## I.    INTRODUCTION

This action arose from the denial of Roberta G. Yarrusso's ("Yarrusso" or "plaintiff") claims for Social Security benefits under Title II of the Social Security Act ("the Act").[1]  On April 30, 2014, plaintiff filed a Title II application for Social Security Disability Insurance Benefits ("DIB")[2] and Disabled Widow's Insurance Benefits ("WIB").[3]  Plaintiff alleged she became disabled on May 7, 2013,[4] through her last date insured, December 31, 2018.[5]  Plaintiff's prescribed period for WIB began on April 7, 2014, the date of her husband's death.[6]  The claim was initially denied on November 10, 2014, and upon reconsideration on August 4, 2015.[7]  On September 18, 2015, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[8]  The hearing

---

[1] 42 U.S.C. §§ 401-434.
[2] D.I. 6-5 at 317-319.
[3] *Id.* at 325-326.
[4] D.I. 6-6 at 347.
[5] *Id.* at 338.
[6] D.I. 6-5 at 317.
[7] D.I. 6-2 at 12.
[8] *Id.* at 74-75.

FILED

SEP 2 1 2021

U.S. DISTRICT COURT DISTRICT OF DELAWARE

occurred by video conference on April 2, 2017.[9]  The ALJ issued a written decision

denying plaintiff's claims on September 7, 2017.[10]  Plaintiff's request for review of the

ALJ's decision by the Social Security Appeals Council ("Appeals Counsel") was

subsequently denied.[11]  On September 17, 2018, plaintiff filed a timely appeal with this

court.[12]  The parties filed cross motions for summary judgment[13] and the court issued a

Memorandum and Judgment reversing the ALJ's decision and remanding the case for

further proceedings on December 2, 2019 ("Remand").[14]

The Remand led to a Fully Favorable Decision by the ALJ on February 3, 2021.[15]

On February 17, 2021, the Social Security Administration ("SSA") issued a Notice of

Award.[16]

On May 3, 3021, plaintiff's counsel, Gary Linarducci ("Linarducci"), moved for an

award of an attorney's fees pursuant to 42 U.S.C.  § 406(b) of the Act ("Fees Motion").[17]

For the reasons discussed below, the Fees Motion is granted.

## II.   GOVERNING LAW

Pursuant to 42 U.S.C.  § 406(b):

(1)(A) Whenever a court renders a judgment favorable to a claimant under
this subchapter who was represented before the court by an attorney, the
court may determine and allow as part of its judgment a reasonable fee

---

[9] *Id.* at 37-71.
[10] *Id.* at 12-27.
[11] *Id.* at 1-5.
[12] D.I. 1.
[13] D.I. 12; D.I. 20.
[14] D.I. 22; D.I. 23.
[15] *See* D.I. 26-1, Ex. A (Notice of Decision–Fully Favorable).
[16] *See* D.I. 26-2, Ex. B (Notice of Award).
[17] D.I. 26.

for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.[18]

## III.   DISCUSSION

### A.   Linarducci's Statements in Support of the Fees Motion

In support of the Fees Motion, Linarducci states the following:

1.  Linarducci and his co-counsel Karl Osterhout ("Osterhout") (collectively, "Plaintiff's Counsel"), worked together to represent plaintiff in this civil action and, through appellate advocacy, convinced the SSA and this court to remand this matter for further administrative proceedings.  The Remand led to Fully Favorable Decision by the ALJ.  Plaintiff's Counsel entered into an agreement to share the Equal Access to Justice Act ("EAJA") fees and the 406(b) fees. Osterhout will not seek additional 406(b) fees from the court.[19]

2.  The SSA issued a Notice of Award dated February 17, 2021 determining plaintiff is entitled to Social Security Disability Insurance benefits totaling $160,328.50 from October 2014 through January 2021, a period of 76 months.  Plaintiff has been receiving WIB totaling $67,569.00 between November 2016 (when she turned 60 years of age) and January 2021, a period of 51 months.  There is an offset of the WIB from the DIB.  The net amount of benefits resulting from the Fully Favorable Decision of the

---

[18] 42 U.S.C.  § 406(b).
[19] D.I. 26 at 1 (citing D.I. 26-1).

Administrative Law Judge is $92,759.50 ($160,328.50 - $67,569.00 = 92,759.50).[20]

3.  The Social Security Administration withheld 25% of the past due benefits, $23,189.87, for possible payment of attorney fees ($92,759.50 x 25% = 23,189.87).[21]

4.  The Fees Motion was not filed within 14 days from the date of the Notice of Award.  Linarducci, however, did not receive copy of any portion of the Notice of Award until April 21, 2021, when he called plaintiff to ask if she received a copy.  Plaintiff advised Linarducci that she had, and emailed to him copies of pages 1 and 2 of the Notice of Award.  Linarducci immediately contacted the SSA and requested a full copy of the Notice of Award which he received on April 22, 2021.  The SSA failed to notice Linarducci on the Plaintiff's Notice of Award.   Further, Linarducci was not carbon copied on the Notice of Award and representatives from the SSA failed to provide any reasoning as to why.  Because the Fees Motion was submitted within 14 days of his receipt of the Notice of Award from the SSA, Linarducci maintains there is good cause for the court to accept and grant the motion.[22]

5.  Plaintiff and her counsel entered into a Fee Agreement.  Consistent with the fee agreement and the statute, counsel seeks 406(b) fees.  Both the statute and the Fee Agreement provide for a fee of 25% of past due benefits owed to plaintiff.[23]

6.  This court previously awarded EAJA fees in this claim in the amount of $7,300.00.  Plaintiff is entitled to a refund of $7,300.00 if the Fees Motion is approved.

---

[20] *Id.* at 1-2 (citing D.I. 26-2).

[21] *Id.* at 2.

[22] *Id.* (citing D.I. 26-3, Ex. C (affidavit of Alexandra Sotomayor, receptionist and records custodian at Linarducci Law); D.I. 26-2, Ex. B).

[23] *Id.* at 3 (citing D.I. 26-4, Ex. D (Fee Agreement)).

Linarducci requests the court order the SSA to pay attorney's fees to him in the amount of $23,189.87, and order that he reimburse plaintiff in the amount of $7,300.00 upon his receipt of payment of the 406(b) fees requested.[24]

7.  Linarducci will not seek fees under 42 U.S.C. § 406(a) of the Act that may otherwise be requested if attorney fees under 42 U.S.C. § 406(b) are awarded.[25]

8.  Linarducci began representing plaintiff in June 2014.  He has not represented her in any matter, other than her claim for Social Security disability benefits.  Section 406(b) fees are limited to the time expended in federal court.  Despite this limitation, Linarducci states that, in addition to in-court time, he expended almost 70 hours litigating and winning this case at the administrative level for which he has not received any compensation.  Over the course of several years, Linarducci and Osterhout expended approximately 120 hours combined at the administrative level and federal court to prevail for their client.  Linarducci suggests the court may consider his additional expenditure of time in winning disability benefits for the claimant.[26]

---

[24] *Id.* (citing D.I. 26-5, Ex. E (EAJA Stipulation and Signed Order)).
[25] *Id.*
[26] *Id.* at 3–4 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002); D.I. 26-6, Ex. F (Declaration of Linarducci Law Attorney Time)); *see also id.* at 4 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (holding that attorneys should recover a "fully compensatory fee" when the client receives "excellent results" and considering contingency representation an important factor in awarding an enhanced fee); *Gisbrecht*, 535 U.S. at 805 (examining the legislative history of the Act and how Congress intended to protect claimants from "inordinately large fees" and determining that: "[N]othing in the text or history of § 406(b) reveals a 'design to prohibit or discourage attorneys and claimants from entering into contingent fee agreements.' Given the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements.")).

9.  Representation of plaintiff by Plaintiff's Counsel before this court was instrumental in her ultimate receipt of benefits because plaintiff would not have been able to effectively challenge the ALJ's decision on her own after the Appeals Council denied review.  Their representation of plaintiff in the federal court proceedings, as well as the additional representation provided at the administrative level upon remand, resulted in her obtaining benefits the SSA previously denied.[27]

10.  As a result of counsels' efforts, plaintiff's past-due benefits amount to $92,759.50.  The claimant is currently 64 years and 5 months of age and if she continues to receive disability benefits until age 66 and 4 months, the additional disability benefits paid exceed $55,000.00 (25 months x $2,229.90 = $55,747.50).  She will receive higher retirement benefits at age 66 and 4 months.  The total value of this decision to plaintiff, therefore, is very likely almost $150,000 before even considering the value of health coverage benefits ($55,747.50 + $92,759.50 = $148,507.00).[28]

11.  Linarducci also urges the court to consider the EAJA fees that were obtained by counsel and will be refunded to plaintiff.  In addition to the retroactive disability benefits listed above and the possible future disability benefits, plaintiff is eligible for valuable Medicare benefits.  Plaintiff is also potentially entitled to benefits under the Ticket to Work Act, 20 C.F.R. Part 411, Subparts A-C.  Linarducci suggests these factors are relevant to the court's consideration of the requested fees.[29]

12.  The contingent-fee agreement between plaintiff and her attorneys provided

---

[27] *Id.* at 4-5.

[28] *Id.* at 5 (citing D.I. 26-2, Ex. B).

[29] *Id.*

6

that the fee for representation would be 25% of past-due benefits. An award of $23,189.87 is consistent with the fee agreement, the amount SSA rightfully withholds for payment of attorney fees, and the statute.[30]

      13. The court should consider the considerable risk counsel took in agreeing to represent this claimant on a contingency basis in federal court.[31]

      14. Linarducci reviewed the Notice of Award with plaintiff who acknowledged her understanding that Linarducci is requesting 25% of the retroactive benefits awarded by the SSA and that she has no objection to the motion for attorney fees. Linarducci will also mail a copy of the Fees Motion, proposed order, and all relevant exhibits to plaintiff at the official address listed on SSA's Notice of Award. Co-Counsel Osterhout has no objection to the Fees Motion.[32]

      15. Consistent with the requirements of the local rules, the parties (Linarducci and Office of General Counsel) conferred on this motion prior to its filing. However, the SSA is not strictly a party in interest in 406(b) matters and instead functions in a quasi-fiduciary capacity. As such, while SSA is not expected to object to the Fees Motion, it cannot formally stipulate. Accordingly, Linarducci filed the Fees Motion and expects the SSA will file a statement of non-objection.[33]

      16. Linarducci asserts that taking into account the risk of the contingent nature

---

[30] *Id.* (citing D.I. 26-4, Ex. D).

[31] *Id.* at 5-6 (citing *Wilson v. Astrue*, 622 F. Supp. 2d 132 (D. Del. 2008) (awarding $21,958.13 in 406(b) fees for 19.0 hours of work before the court, an effective hourly rate of over $1,100.00 per hour, given the inherent significant risk of non-recovery and the fully favorable decision obtained)).

[32] *Id.* at 6 (citing D.I. 26-7, Ex. G (Plaintiff's Affidavit)).

[33] *Id.*

of the representation, the express terms of the Fee Agreement, the success achieved, and the absence of any reasons why the award from the overall past-due benefits as presented above would be unjust, a fee authorization in the amount of $23,189.87 pursuant to 42 U.S.C. § 406(b) of the Act is warranted.[34]

### B.    Defendant's Position

Defendant, Commissioner of Social Security, by counsel, does not object to plaintiff's motion for attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b).[35] Defendant seeks to clarify, however, that these fees are for court time only.[36] Accordingly, defendant requests the court authorize payment to Linarducci of $23,189.87 in attorney's fees being withheld from plaintiff's past-due benefits.[37]

Additionally, defendant asks the court order Linarducci to remit to plaintiff the amount of the fees previously awarded under the EAJA, 28 U.S.C. § 2412, in the amount of $7,300.00.[38]

### C.    Court's Determination

On September 16, 2021, Linarducci wrote to the court noting defendant's lack of opposition to the Fees Motion and requesting the court's attention to the matter.[39] Counsel's letter did not challenge defendant's clarification or requests as to the

---

[34] *Id.*

[35] D.I. 27 at 1.

[36] *Id.*

[37] *Id.*

[38] *Id.* at 1-2 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that when both EAJA and 406(b) fees a claimant's attorney, not defendant, refunds to the claimant the smaller amount)).

[39] D.I. 28 at 1 (citing D.I. 27).

specifics of the court's order in this matter,[40] nor were any previous disagreements with defendant's requests made by plaintiff.

Consequently, the grants plaintiff's Fees Motion and court's order will follow the parties' apparent agreement, but will memorialize certain determinations in support this ruling.

First, the court determines Linarducci's unrebutted explanation for the timing of the Fees Motion demonstrates good cause exists for the delay and the court will accept and rule on the motion.

Next, the court notes it is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of twenty-five percent of the total of past-due benefits to which the claimant is entitled."[41] The percentage of fees specified in plaintiff's Fee Agreement with counsel is consistent with that authorization.

Finally, in light of the risks associated with Linarducci's contingency representation of plaintiff, the court finds the time devoted to this matter by counsel, and the hourly fee requested, are reasonable and consistent with past awards from this court.[42]

## IV.  CONCLUSION

For the reasons discussed above, it is ORDERED, ADJUDGED, and DECREED that the Fees Motion (D.I. 26) is **GRANTED** as follows:

1.     Payment is authorized to plaintiff's counsel, Gary Linarducci, Esq., in the amount of Twenty-Three Thousand, One Hundred Eighty-Nine dollars and

---

[40] *Id.*
[41] 42 U.S.C. § 406(b)(1)(A).
[42] *See Wilson v. Astrue*, 622 F. Supp. 2d 132 (D. Del. 2008).

87/00 cents ($23,189.87) in attorney's fees being withheld from Roberta

G. Yarrusso's past-due benefits; and

2.   Gary Linarducci, Esq. is ordered to remit to Roberta G. Yarrusso the

amount of the fees previously awarded under the Equal Access to Justice

Act (EAJA), 28 U.S.C. § 2412, in the amount of Seven Thousand, Three

Hundred Dollars and 00/00 cents ($7,300.00).

September 2l, 2021                                    /s/ Mary Pat Thynge
                                                   Chief U.S. Magistrate Judge

10